# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

U.S. District Court
Wisconsin Eastern

JUN  4 2019

FILED
Stephen C. Dries, Clerk

Peter Bernegger,           )
                         )
          Petitioner,      )
                         )
v.                        )   Civil Case No. __19 CV 835__
                         )
United States of America,      )
Kevin Norman,           )   EXPEDIATED PETITION, WRIT
Andrew Maier,           )
          Respondents.    )

A     Peter Bernegger petitions the Court to order Respondents to promptly provide
the information in no.'s 1-5 below to him. The order to include delivery of such
information within three business days of the order, but no later than three full weeks
before the currently scheduled July 12, 2019 hearing in case 18-cr-000223. He asks
the Court to expedite this action due to the short time available between now and the
July 12, 2019 hearing. He enclosed a Motion to Expedite and Motion For Service too.

1.  The monthly dollar amount any court ordered Bernegger to pay during the months
of the time period in the Petition Doc.11 in case US v. Bernegger,
18-cr-000223. This is legally known as the manner of payment too. The time period
being from 4/14/17 up until May 3, 2019 when the second Petition was filed (24 1/2
months, or 24 months as an even number). The answer is to be a number.

2.  The total dollar amount of restitution past due for the same time period stated in
no.1 above. The answer is to be a number.

3.  The specific condition of probation Bernegger was alleged to have violated
ordered by any court. Neither Petition the Respondents filed against Bernegger, Doc.2
nor Doc.11, states a real condition. 'Condition' as used in the context of 18 USC
3563(d), 18 USC 3583(f), 18 USC 3603(1),(2),(3),(7).

4.  Proof of when (month and year) i) Bernegger was adequately noticed of the
specific condition in no.3 above, ii) how Bernegger was adequately noticed.

5.  Any court order ruling, showing, noticing or directing Bernegger what monthly
dollar amount of restitution he was to pay in the time period stated in no.1 above.

B   This Court has jurisdiction per 18 USC 1361; 18 USC 1651(a); the federal question jurisdiction of 28 U.S.C. § 1331; and The Administrative Procedures ("APA") Act 5 USC 551 *et seq.*. & 706(1) providing a basis for suit when the government unreasonably delays action or fails to act. Venue is appropriate as all Respondents reside in this E.D. of Wisconsin in which a substantial part of the events or omissions give rise to the claims within this action took place. He brings this action against Respondents Norman and Maier in their official capacities, and also in their individual capacities.

C   Respondents created, initiated, signed and filed in a federal court two Petitions against Bernegger. Each alleged he violated one condition of his probation. See Doc.2 and Doc.11 in 18-cr-000223. He does not know what condition he supposedly violated. Neither Petition states one. As shown below Respondents even altered the language, thus the meaning, of a federal Judgment, showing bad faith.

Although there was a hearing held May 24, 2019 the two Petitions were not ruled upon. See Doc.49 text order in same case. He was - and still is - facing possible imprisonment. Id 3rd to last sentence. Also, Petition Doc.11 in 18-cr-000223 states *"The probation officer requests that a Notice to Appear be issued to show cause why the term of supervision should not be **revoked**."* [Emphasis added]. The court in 18-cr-000223 also stated the May 24, 2019 hearing was *"...to **revoke** or modify conditions of supervision..."* speaking about the future. Id Doc.42. [Emphasis added]. Probation Officer Kevin Norman handed Bernegger a document ~3 minutes before the May 24 hearing began. It recommended 3-9 months in prison, created on the basis of the two Petitions filed against Bernegger, especially the second one filed May 3, See Doc.51 Written Objections - E ¶4; see also Doc.49 "Violations Worksheet".

Bernegger faced loss of his liberty due to the Respondents actions. But more

importantly at this time he still is facing such a loss.

   D    The court notes state "*...and Mr. Bernegger's failure to pay restitution.*"
Doc.49 in 18-cr-000223. That order however failed to i) state how much the monthly
dollar amount of restitution was to be paid by Bernegger (the months per the Petitions
Doc.2 and Doc.11 of 18-cr-00223), ii). state how much was past due in total for those
same months, iii) state specifically what condition of probation was supposedly
violated, iv) state when Bernegger was ever noticed of the specific (unknown)
condition he was alleged to have violated, v) state or show the court order ruling what
monthly dollar amounts he was supposed to pay for the time period. Asking Judicial
Notice be Taken of the record of 18-cr-000223 where these five pieces of information
were never disclosed by the court to Bernegger. Nor were these five pieces of
information ever disclosed by any of the Respondents. He had a legal right to this
information, especially when he asked for it repeatedly over years. Especially when
he asked Respondents, and that court, for it repeatedly before the May 24 supervised
release hearing per FRCrP 32.1(b)(2)(A). In 18-cr-000223 Doc.15-16, Doc.17-18,
Doc.19, Doc.20-21, Doc.29-30, Doc.32-33, Doc.34. The court in 18-cr-223 closed off
all requests for documents, even treating as not significant a federal subponea served
on Maier (proof via court transcript of May 24 hearing, which was ordered on May
30, 2019 but not yet received).

   E    Bernegger also requested this information from the Respondents numerous times.
Exhibit 1 shows Bernegger asked for the information from the Green Bay probation
office in January of 2016. Exhibit 1. He specifically asked what the monthly dollar
amount any court ordered him to pay in restitution. Id. The probation office did not
answer the question. Id. Bernegger asked Norman via email in June of 2018 what the

monthly dollar amount of restitution he was to pay. See Exhibit 2 four pages. Norman refused to answer. Id. Bernegger also emailed probation officer Norman in February of 2019 asking for the information in no's. 1-5 in section A above. Norman again refused to answer. Bernegger persisted asking Norman again via email on May 16, 2019 what the monthly dollar amount of restitution was to be paid. Exhibit 3. Norman didn't even respond. Bernegger once more sent another email to Norman on May 31, 2019 at 1:13pm asking for the information again. Exhibit 4 two pages. Norman responded but failed to answer the questions. Id. Bernegger immediately replied within 10 minutes stating Norman failed to answer the question, and asked the question again. Id. As of this writing Norman has not answered any of Bernegger's questions. He was required to per the federal statues cited above. He was required to answer the questions per Rule 32.1(b)(2)(A). The avenue of just asking simple questions and having them answered is not one Bernegger can take directly due to the Respondents' refusal to answer. Their refusal violated federal statutes, Rule 32.1 and Bernegger's right of due process: all detailed more below.

F      Bernegger further more has been asking Maier, and the government the same questions. He sent an email to the government and Maier before the May 24, 2019 hearing, on May 13 asking for the information. Exhibit 5. He did not provide the information to Bernegger. On May 15th Bernegger sent a follow up email and also telephone Maier/the government leaving a voicemail asking if, and when, he was going to get the answers. Exhibit 6. Neither responded at all. Another email was sent to Maier/the goverment on May 31, 2019 seeking the answers. Exhibit 7. It is important to note Maier is a subordinate of AUSA Roach. Thus, Roach was a party to each of these emails too per DOJ policy, per the Rules of Professional Conduct.

Neither responded. Another email was sent to Maier, the government and Roach

asking for the previous email to be answered, plus to answer two more questions. See Exhibit 8 two pages. Finally Maier and the government responded…but they refused to answer Bernegger's questions. Id p.2.

G    He was facing loss of his liberty, and still is now, yet he has not been adequately noticed of any condition he was alleged to have violated. The Petition signed or filed or prosecuted against him states *"Since 4/14/17, Mr. Bernegger has failed to pay restitution."* It is a false statement as it is a lie by omission. No court order exists, nor has he been served one, telling him what the <u>monthly dollar amount</u> of restitution was to be paid each month for that time period. It was required per the Judgment in a Criminal Case Doc.207 p.7 Section F second sentence, case <u>1:07-cr-176 US v Bernegger</u>. But it was also required per statute. See 18 USC 3664(f)(2). "Payment schedules under § 3664 must be set when a defendant is unable to immediately pay the restitution the court has ordered. But the schedule set by the court need not begin until after the defendant's release from prison." See <u>US v. BOTTINE, Dist. Court, ED Wisconsin 2018.</u> This is fraud on the court by officers of the court Norman, Maier and ncluding AUSA William Roach. They knowingly and with intent either/or created, signed, concurred, filed and prosecuted (and still are prosecuting today against Bernegger) on a lie. Each knows there was no condition for Bernegger to pay restitution by any court order; by statute. The lies and fraudulent actions of Norman, Maier and Roach caused a federal court to take damaging and harmful actions against Bernegger. One, he was forced to quit his work in order to have the full time to prepare his defense. He lost over three weeks worth of desperately needed wages to pay his most basic bills. He was forced to appear via a court notice of appearance Doc.12 in 18-cr-000223, costing him more time and money. He was put under tremendous stress facing imprisonment again, where he still is, all based on lies by

officers of the court Norman, Maier, Roach and the government. Maier and Roach are violating SCR 20:3.1 as they have and still are advancing an argument without merit. There is no condition in either Petition they filed, they are prosecuting. They are violating SCR 20:3.3 as they are lying to a federal court by alleging Bernegger failed to pay restitution when they both know 3664(f)(2) nor the Judgment Doc.207 was followed in Bernegger's criminal case. They are both violating that same rule of conduct by lying to a federal by omission where they know Bernegger was never told what monthly dollar amount of restitution he was to pay. Each is knowingly violating SCR 20:3.4(a) by taking actions against Bernegger to imprison him, to harm him, yet obstructing Bernegger's access to the answers he seeks. They were mandated by Rule 32.1(b)(2) to provide Bernegger with the information he asked of them. They were mandated as Officers of the Court to inform Bernegger, when he asked pre-May 24 hearing, for clarification of the condition he allegedly violated. Both Maier and Roach falsified evidence by filing and/or prosecuting the Petitions as they both knew no condition was established in the first place for Bernegger to have violated. SCR 20:3.4(b) was violated by them. Bernegger subpoena'd Maier, sent emails to both Maier and Roach asking for information, both are to be held to Rule 32.1(b)(2), failing at each of these they violated SCR 20:3.4(d). Each grossly violated SCR 20:3.4(f)

*"A prosecutor, other than a municipal prosecutor, in a criminal case or a proceeding that could result in deprivation of liberty shall:*
*(1) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal;"*[Emphasis added].

They were required to disclose to Bernegger the answers he sought - before the May 24 hearing. Even at worst case when that hearing began. They failed to do either.

Maier and Roach are mandated right now, as licensed attorneys of the state of Wisconsin to come forth to the court and tell the truth, that there was no monthly restitution amount for Bernegger to pay. Meaning he could not have violated a condition of supervised release. Both then violated SCR 20:3.4(g):

> "*(g) When a prosecutor knows of new, credible, and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall do all of the following:*
> *(1) promptly disclose that evidence to an appropriate court or authority; and*
> *(2) if the conviction was obtained in the prosecutor's jurisdiction:*
> *(i) promptly make reasonable efforts to disclose that evidence to the defendant unless a court authorizes delay; and*
> *(ii) make reasonable efforts to undertake an investigation or cause an investigation to be undertaken, to determine whether the defendant was convicted of an offense that the defendant did not commit.*
> *(h) When a prosecutor knows of clear and convincing evidence establishing that a defendant in the prosecutor's jurisdiction was convicted of an offense that the defendant did not commit, the prosecutor shall seek to remedy the conviction.*"

Bernegger is still facing the possibility of his loss of liberty. See bottom of Doc.49 in 19-cr-223. Maier and Roach have clearly - and still are - violating the above cited Rule of Professional Conduct. Bernegger is preparing a filing a pleading directly with the Wisconsin Supreme Court to bring a bright sunshine on the corruption of Maier and Roach, as Bernegger is entitled to per law, the rules, due process and equity.

At the May 24 hearing Bernegger was ordered to pay $100 per month yet he does not have that money. The court never even followed statute 18 USC 3664(f)(2) conditions in setting that figure. Bernegger was never asked how much his disposable monthly income was for one. The court failed to take into account his monthly living bills, and especially one time bills which can be unforeseen such as a vehicle breaking down. None of the conditions in that statute were followed and Bernegger renews his objection to it here.

The federal court only took action in 18-cr-000223 based on Respondents lie of Bernegger supposedly violating a condition of probation. Only because the two Petitions Doc.2, 11, were filed did the Court signed each on p.2 affecting an order for Bernegger to appear and establishing a probation violation hearing. Thus, the Respondents caused official court action against Bernegger and still are causing court action as another hearing is forthcoming soon. Bernegger is facing revocation and back to prison on lies to a federal court by Respondents. He is facing loss of liberty because Respondents refuse to answer simple, and very relevant, questions.

H    Bernegger has been harmed and damaged countless ways, each of which is continuing to this day and will continue into the foreseeable into the future. Norman knew full well Bernegger can't pay $100 per month in restitution yet lied by omission at the May 24 hearing by not speaking up. Bernegger sent him an email before the hearing detailing his financial troubles. Norman also had Bernegger's monthly reports also proving the same financial troubles. Norman was court ordered via subpoena to bring those documents with him yet he simply ignored the subpoena. He did not oppose or move to squash the subpoena. The Court never relieved him of it either. He had a duty to speak up as an Officer of the Court. Norman hiding the truth, just like he is sparking this action here, violated federal statute 18 USC 3603(2),(3),(5).

I    Bernegger filed a Motion To Clarify Sentence Imposed on May 17, 2019. Doc. 34 in 18-cr-000223. The Motion may have been denied by the Court at the May 24 hearing, however he does not have the transcript yet from the Clerk of Court/or reporter. Bernegger can say it was not granted. Id Doc.49. For the record he objects to the court not granting his Motion To Clarify Sentence Imposed. Bernegger had a constitutional right per due process of the 5th Amendment to have the Court clarify the

sentence. Also, it was his right per federal statute to obtain that information he requested in his Motion. 18 USC 3664(e); also 18 USC 3583(f). <u>US v. Sawyer, 521 F. 3d 792, 7th Circuit 2008)</u>("If the probation office is a tough taskmaster, the defendant may obtain a judicial decision under § 3583(e)(2).). Bernegger objects he is not aware of any judicial decision the court gave in 18-cr-000223, mandated by statutes of clarification of sentencing information. <u>US v. Pandiello, 184 F. 3d 682 - at 688, 7th Circuit 1999</u>   ruled:

*"We therefore conclude, as did the Second Circuit, that delegation of authority* [to BOP or probation officers] *to set the timing or amount of restitution payments is impermissible in this situation as well. Mortimer, 94 F.3d at 91."*

*As the numerous cases cited above illustrate, established law does not permit the judge to delegate authority over a core sentencing decision. Such unauthorized delegation "deprives the defendant of a substantial right" and constitutes "a serious structural defect" affecting the integrity of the judicial proceedings. Mohammad, 53 F.3d at 1439; see also United States v. Albro, 32 F.3d 173, 174 n. 1 (5th Cir.1994) (per curiam).*

*Accordingly, while we AFFIRM Pandiello's sentence, we must VACATE the restitution order and REMAND this matter to the district court for entry of a restitution order that specifies the amount as well as the timing of restitution payments."*

J   Norman has been Bernegger's probation officer for over 2 years. Bernegger has repeatedly asked Norman in writing for the answers to the five questions in section A above. This includes for example a written request in March of 2019. Again about 2 weeks before the May 24, 2019 hearing. Then again the day before the hearing. Then again a week after the hearing. He has never received an answer. In particular to the most important one of what is the monthly dollar amount of restitution Bernegger was supposed to be paying for the months cited in the Petitions Doc.2 and Doc.11 (4/14/17 till May 3, 2019). Norman only repeated <u>Section F of Doc.202 of case 1:07-cr-176   US v Bernegger N.D. of Miss.</u>:

*"Your condition read: 'Payments to begin immediately in equal monthly installments while incarcerated. Any balance remaining upon release from incarceration shall be paid in equal monthly installments as determined by application of the criminal monetary payment schedule adopted by this court to the defendant's verified disposable monthly income. Such payments to commence 60 days upon release from incarceration to a term of supervised release.'"*

Email from Norman to Bernegger on Friday, May 31, 4:44pm. Where it begins with

*"Payments to begin..."* till the end is from the Judgment Doc.202 p.7 Section F

entered in 1:07-cr-176 US v Bernegger, N.D. of Miss. District Court (May 2010).

This is obviously not a condition. The first sentence is moot as that was during

incarceration time and long since past. Noting however the sentencing court erred as it

did not have jurisdiction over Bernegger while he was incarcerated. The BOP has

jurisdiction to attempt to carry out the IFRP, which is a voluntary program. Also,

Bernegger was indigent.

K    It is the two last sentences which require steps to be taken *"upon [his]*

*release."*. Id. No manner of payment is in that section Norman cited. Id. No schedule

of payments was in that section Norman cited. Id. Both are required by 18 USC

3664(f)(2) and supporting circuit case law. "All three defendants assert that they are

unable to pay the whole award now, and that 18 U.S.C. § 3664(f)(2) therefore

required the district judges to set a schedule of payments. See United States v. Day,

418 F.3d 746, 751-57 (7th Cir.2005). The prosecutors concede the point for all three

defendants; we accept that concession." US v. Sawyer, 521 F. 3d 792 at 794 (7th Cir.

2008)    , see Sawyer also at 796 ruling:

*"With respect to Sawyer and Rogers, however, the district judges erred. Neither has the ability to pay immediately, and § 3664(f)(2) therefore required the judges to set schedules for repayment from future earnings and other income once they leave prison. Several decisions in this circuit hold that omissions of any schedule at all meets the requirements of "plain error" under Fed.R.Crim.P. 52(b). See, e.g., United States v. Thigpen, 456 F.3d 766, 771 (7th Cir.2006); United States v. Mohammad, 53 F.3d 1426, 1438-39 (7th Cir.1995); see also Pandiello, 184 F.3d at 688."*

Perhaps most important that very section F requires it too. Where it clearly means to begin with *"Any remaining balance upon release from incarceration..."*. Hence there was a beginning number at that point in time. None of the Respondents have ever informed Bernegger of this number. Second, another dollar number was to be determined by a court. *"equal monthly installments **as determined by application of the criminal monetary payment schedule adopted by this court to the defendant's verified disposable monthly income."*** [Emphasis added]. Bernegger has never been informed by any Respondent of this dollar figure, which is understood to be a monthly dollar amount. The last sentence of Section F, p.7 of Doc.207, *"Such payments to commence 60 days upon release from incarceration to a term of supervised release."* was/is moot until the first two figures were calculated and noticed to Bernegger, which they weren't by any Respondent. Moot because without the first two dollar amounts (the remaining balance total and the monthly dollar amount to verified disposable monthly income) are required to be able to calculate *"Such payments"*. Id. The time in the Petitions is from 4/14/17 to May 3, 2019 as already stated. Most of that time Bernegger was under the supervision of the N.D. of Miss. court, within the 5th Circuit. Then for the last ~6 months this Court here in the E. D of Wisconsin took over jurisdiction, within the 7th Circuit. See Doc.1 in 18-cr-000223.

L   Neither Petition Doc.2 or Doc.11 state the five pieces of information either. See all of Doc.2 & Doc.11 in 18-cr-000223. Those Petitions were filed by the government, by probation officer Kevin Norman, by AUSA Andrew Maier, along with his supervisor AUSA William Roach. Id. Doc.2, Doc.11. Roach is still prosecuting Bernegger using the same Petitions, as is probation officer Kevin Norman. See p.1 of Docket 18-cr-000223, signature on Doc.2 p.2, Doc.11 p.2. These

Petitions still are pending, the second one still seeks to revoke Bernegger's probation. None of the Respondents have taken any action to remove either Petition, or admit they lied in each one under sworn declaration.

Bernegger has adamantly denied he violated any condition of probation. See all of Doc.8, Docs.15-16, Docs.20-21, Doc.25-26, Doc.29-30, Doc.32-33 in 18-cr-000223. The one violation alleged in each Petition failed to state the specific condition Bernegger supposedly violated. As already said Section of p.2 of Doc.202 only is a Judgment directive that additional steps would be taken by a court in the future. It is not a condition for Bernegger to follow. He can't or could not have performed it either as he is not an Article III court. The Respondents here are the correct people to petition against for the information Bernegger is requesting. They are the ones alleging Bernegger failed to pay restitution in their own two Petitions. Doc.2, Doc.11. Yet their allegation is bogus as it fails to state the manner of payment, the payment scedule, Bernegger was to follow. Albro claims that this constitutes an unlawful delegation of authority to the probation officer. US v. Albro, 32 F. 3d 173 (5th Circuit 1994) ruled:

"[1] In United States v. Mancuso, 444 F.2d 691, 695 (5th Cir.1971) (Supreme Court Justice Clark, Retired, sitting by designation), this court held the following: "The better practice is that where parties are aggrieved, the amounts to be paid and the manner of payment should be recited in the [sentencing] order, rather than delegating these details to the probation officer" (citing Whitehead v. United States, 155 F.2d 460, 462 (6th Cir.), cert. denied, 329 U.S. 747, 67 S.Ct. 66, 91 L.Ed. 644 (1946)). While the instant restitution order does designate the total amount to be paid, it delegates the "manner of payment," which we interpret to include the amount and timing of installments (if any), as well as any other details of payment."

Further ruling - citing a 7th Circuit Court case - :

"While the district court may alter the payment schedule under 18 U.S.C. § 3663(g) and is free to receive and consider recommendations from the probation officer in this regard, the district court must designate the timing and amount of payments. This reasoning is consistent with United States v. Ahmad, 2 F.3d 245, 249 (7th Cir.1993), in which the court held that "[h]ow much a defendant owes, and the extent to which payment may be deferred, is something the judge must decide,"

The above functions are up to a court. However, when it comes to information of what any court did in reference to sentencing and/or specifically restitution, it was by law the responsibility of the Respondents to properly and clearly inform Bernegger. Bernegger has repeatedly asked the government and probation office for the information, for years, in no.1-5 in section A above. He **still** has not received it (time period for Petitions he is currently facing). This includes going back for instance to January of 2016 where he asked probation officer Brian Koehler in writing for said information. Koehler himself wrote to Bernegger telling him to pay $100 per month, per calculations Koehler himself conducted. When Bernegger asked for the court order ruling such he never got a response. Koehler had no legal authority or jurisdiction to make such demand for payment to Bernegger. See <u>US v. Crisp, 820 F.</u> <u>3d 910 at 915 7th Circuit 2016</u>§ 3664(f)(2) (requiring **court** to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid....")".[emphasis added].

M    Bernegger has shown he has asked probation officer Norman many times for Specific, relevant, information. He has a right to this information as it directly affects his life, possibly causing his loss of liberty at the upcoming July 12, 2019 hearing. But he also has a right to this information per statues. Norman was mandated by 18 USC 3583(f) to *"a written statement that sets forth all the conditions to which the term of supervised release is subject, and that is sufficiently clear and specific to server as a guide for the defendant's conduct and for such supervision as is required."* Norman was mandated by 18 USC 3603(1) to *"instruct a probationer or a person on supervised release, who is under his supervision, as to the conditions specified by the sentencing court, and provide him with a written statement clearly setting forth all such conditions;"*. Norman was mandated to help Bernegger,

*"to aid"* him, while on supervised release. 18 USC 3603(3). Norman was mandated to provide answers to Bernegger's questions, per the statutes just cited, and also per 18 USC 3563(d). Norman was and is mandated by Rule 32.1(b)(2)(A) to provide this information to Bernegger. It was Norman who filed the Petitions against Bernegger under sworn declaration. Doc.2, 11 in 18-cr-000223. Per the Rule Bernegger is entitled to know what specific violation of probation he is being charged with. Per due process he is entitled to know what specific violation of probation he is being charged with.

Norman has displayed bad faith and corruption, by knowingly and with intent bringing the fraudulent Petitions against Bernegger, to a federal court for action no less, seeking to imprison Bernegger. Bernegger is still facing imprisonment based on the two fraudulent Petitions filed. Norman's bad faith and corruption is him knowingly and with intent claiming Bernegger violated a condition of probation when in fact Norman lists no condition at all in either of his Petitions. Norman conspired with the other Respondents to perpetuate this fraud on the court. The government, Maier, and with Roach prosecuting the Petitions, "concurred" on p.2 of each Petition. A district court is only authorized by statute to hold a hearing and/or to revoke a person on supervised release. "A court may revoke a person's supervised release if it finds by a preponderance of the evidence that that person has violated a condition of supervision. See 118 USC 3583(e)(3)." <u>US v. Lee, 795 F. 3d 682 at 685, (7th Cir.</u> (2015) . The court in 18-cr-000223 only took action, and still is taking action, against Bernegger due to the actions of Respondents. This is proven as that court only signed both Petitions when Respondents took them to the court to sign. See Doc.2 p.2. and Doc.11 page 2. The court only set a hearing date due to the Respondents Petitions. Id. The court only took actions against Bernegger harming him (Doc.49)

because the Petitions were filed by Respondents. Id. The court only set another hearing date as a result of the Petitions being filed by Respondents. Id. The court only is taking further actions against Bernegger, including the possible loss of his liberty, directly due to each of the four Respondents lying by omission to that court as they each knew no condition ever existed for Bernegger to have violated. This is why they refuse to answer Bernegger's questions. It is pure corruption by each of the Respondents. Maier is a liar to a federal court. Roach is a liar to a federal court. Norman is a liar to a federal court. The government (Asst. US Attorneys of the Green Bay Office) is a liar to a federal court.

Each Respondent is further lying and committing fraud on the court as officers of the court as each knowingly and with intent changed the meaning of the Judgment In A Criminal Case to defraud the court in 18-cr-000223. Here is what they wrote in each Petition of the 'condition' Bernegger supposedly violated:

### *"PETITIONING THE COURT*

*The probation officer requests that a Notice to Appear be issued to show cause why the term of supervision should not be revoked.*

### *CAUSE*
*The probation officer believes that the action requested above is necessary for the following reasons:*
     *"Violation Number    Nature of Noncompliance*

    *1.     Since 4/14/17, Mr. Bernegger has failed to pay restitution. This behavior is in violation of his Judgment of Conviction which states in the Schedule of Payments that he must make payments in equal monthly installments."*

Doc.11 p.1 in 18-cr-000223. Each of the four Respondents lied stating "Bernegger has failed to pay restitution". First, Asking Judicial Notice Be Taken the Financial Services Unit report proves Bernegger did make some restitution payments since 4/14/17. Second, no court order has ever been process serviced, given, handed, mailed or provided to Bernegger in any manner informing him what monthly dollar amount

he was supposed to pay in those months. See Afy no.1-7 attached as Exhibit 1 to Doc.33. Federal statute 18 USC 3664(f)(2) mandated Bernegger have a court order telling him what the monthly dollar amount of restitution was supposed to be paid. It was mandatory he was to informed by Respondents of this monthly dollar amount. 18 USC 3583(f), 3563(d), 3603(1),(3),(4). It was mandatory he was to be informed by Respondents of this information before they could claim he failed to adhere to such a condition. Rule 32.1(b)(2)(A). Respondents did not, and still are refusing, to provide Bernegger with the basic facts of his condition of restitution. US v. Lee, 795 F. 3d 682 at 686, 7th Circuit 2015("A person is entitled to written notice of the alleged violation;" when confronted with an allegation of violating probation). A person alleged to have violated a condition of supervised release is entitled by law to the "'basic facts' to give him 'written notice of the alleged violation' within the meaning of Rule 32.1(b)(2)(A). See Kirtley, 5 F.3d at 1113". Lee at 687. Bernegger is facing an upcoming hearing on his supervised release status. Doc.49 of 18-cr-000223. He is facing possible revocation per Doc.49's own words, in addition to the Respondents Petition Doc.11 of 18-cr-000223. He does not know what condition he is alleged to have violated. He does not have the answers to his simply questions he repeatedly has sent to the Respondents. The Petitions have not been ruled upon yet by the court in 20-cr-000223. He is still facing those allegations. Id. That court is also basing its jurisdiction to take future actions against Bernegger based on those Petitions. Id, see Doc.3, Doc.12, Doc.49. It is clear and obvious Bernegger has not been adequately noticed of the condition he supposedly violated as there are no dollar amounts. See Doc.2 and then Doc.11 where Respondents failed to state what total dollar amount Bernegger supposedly failed to pay from 4/14/2017 up until the filing date of the second Petition which was on May 3, 2019. Respondents failed to state what monthly

dollar amount Bernegger was supposed to pay for those months in that time period. The court completely believes Bernegger failed to pay restitution. Doc.49 in 18-cr-000223 reads "...Mr. Bernegger's failure to pay restitution." Yet the court itself fails also to state any dollar amount. The court itself does not know what the monthly dollar amount Bernegger was supposed to pay. Asking Judicial Notice no monthly dollar amount figure Bernegger was alleged to not have paid for the said time period is on the record anywhere in case cr-000223.

N  COMPARE

Here is the fraud on the court by officers of the court Respondents Maier, Norman and Roach, along with the government too. Compare below what they wrote in the Petitions seeking to imprison Bernegger. Noting they still are seeking that as cited several times above using their own or the court's documents.

Compare what they wrote in their Petitions:

*1.   Since 4/14/17, Mr. Bernegger has failed to pay restitution. This      behavior is in violation of his Judgment of Conviction which states in the Schedule of Payments that he must make payments in equal monthly installments."* Doc.2, 11.

to what the Judgment really says:

*"F. [box checked] Payments to begin immediately in equal monthly installments while incarcerated. Any balance remaining upon release from incarceration shall be paid in equal monthly installments as determined by application of the criminal monetary payment schedule adopted by this court to the defendant's verified disposable monthly income. Such payments to commence 60 days upon release from incarceration to a term of supervised release."*

May 13, 2010 Judgment, See Doc.202 p.7 section F in U.S. v. Bernegger, 1:07-cr-176 N. D. of Miss.(2010), or Doc.1 in 18-cr-000223 p.7 Sect.F. Respondents removed words, phrases and sentences from what the Judgment states. The Judgment states future steps were or are to be taken *"upon release"*. And a *"any remaining balance"* is to be calculated. And a *"determination"* was/is to be made. And a *"court [is] to*

*[determine by application] the defendant's verified disposable monthly income"*. The
Judgment orders several steps to be taken by a court, at a designated time.
Respondents fraud is they removed key words and phrases thereby making their
Petition wording to appear mandatory with no steps required first. Each Respondent
lied by omission to a federal court of law by removing words from an official
Judgment. Each lied and committed fraud by changing the meaning of the
Judgment. These are additional reasons as to why Bernegger is entitled to answers to
his questions. Respondents are obstructing justice by not telling the truth, by
withholding the answers from Bernegger. He is entitled to Respondents answering his
questions promptly too so he can be informed and prepare for his defense. His
defense against the Petitions, he defense at the rapidly approaching July 12, 2019
hearing. Not only per Rule 32.1(b)(2)(A) but also per his right of due process to
adequately informed. This affected and still is affecting, his substantial rights as he
was not noticed of any condition he supposedly violated. There is no condition of
Bernegger's supervised release in either Petition. This greatly affected the fairness of
the judicial proceedings, of the May 24 hearing, as that court bought hook line and
sinker the lie Bernegger violated a condition…when there was none to violate in the
first place. The court assumed it had jurisdiction per the Petitions but the Petitions
were fraudulent by claiming a condition was violated, but as proven no condition
existed for Bernegger to have violated. These are additional reasons as to why this
action now is pertinent and timely. Bernegger moved the court in 18-cr-000223 for
the answers to his questions no.1-5 yet that court denied his motions. See Docs.15, 16,
17, 18, 19, 20, 21, 25, 26, 29, 30, 31, 32, 33 with Afy, 34. Then see court order
denying said motions Doc.49. Bernegger made numerous attempts via that court to
obtain the answers to his five questions. He made numerous written requests to

Respondents to answer his questions. CITE emails. He has no other avenue of legal relief beside filing this type of action(s). He has been asking for years to both the government and Norman the same questions. The answers should have been delivered a long time ago per the numerous federal statutes already cited. Him not having the answers has caused him to not understand the condition he is to have violated according to Respondents. He has not been adequately noticed of a charge which could land him in prison. It is obscene the Respondents are seeking to imprison Bernegger for "failing to pay restitution" yet those same Respondents steadfastly refuse to tell him what monthly dollar amount, how much, he was supposed to be paying. Respondents are committing a federal felony crime of obstruction of justice by refusing to answer Bernegger's very relevant questions about restitution as they are hiding the truth. They are conspiring with each other to hide the answers to Bernegger's questions from him, in a criminal proceeding no less. The Respondents invoked the district court's jurisdiction on a fraud, a lie, by alleging a violation of a condition of Bernegger's release when in truth there was no condition in the first place. Each of them knew there was no condition in the first place for Bernegger to have violated. They carried out these corrupt acts while officers of the court (AUSA Roach, AUSA Maier, AUSA Norman). Each officer of the court, and the government, are still lying today to a federal court by omission. Each is a liar as they refuse to provide Bernegger with the answers to simple, relevant, questions about Bernegger's sentence imposed, questions relevant to the Petitions against him right now; questions relevant to his supervised release. This is greatly harming Bernegger as the court did take action against Bernegger harming him to pay $100/month or higher at 20% of gross pay when he cannot pay that amount. He told the probation officer Norman this in writing days before the May 24 hearing. Norman lied to the court by omission by

never informing the court of Bernegger's updated economics. Norman violated 18 USC 3603(2). Norman also violated 18 USC 3601 as he Petitioned the court to imprison Bernegger based on a made up "condition". 18 USC 3601 only permitted Norman to supervise Bernegger per a court Judgment or order specifying a condition. None was stated in either of Norman's Petitions. See Doc.2, 11 in 18-223.

O  Bernegger has given Norman at least five (5) opportunities over months to carry out his duty of 3583(f), 3603(1),(3), 3563(d). Norman has failed each time to provide Bernegger the requested information. The information is not difficult to provide as any common man would appreciate. Each request (no.1-5 in Section A above) was a day-to-day duty of probation officer Norman which he failed to do. The decisions or discretions were up to a court as Bernegger showed above. Norman however had statutory requirements to be the messenger and inform Bernegger, "to aid" him in a timely manner the answers Bernegger was seeking about his sentence and/or conditions of probation. Norman is clearly violating Bernegger's constitutional right of due process as here we have Norman refusing to answer Bernegger's questions. For example, of 'what is the monthly dollar amount of restitution Bernegger was suppose to pay during the months in the Petitions under Violation no.1'?. Yet Norman happily filed two Petitions against Bernegger seeking revocation, imprisonment, for not paying an unknown monthly dollar amount! Norman not answering Bernegger's relevant questions means he failed in his duty to "instruct a probationer…as to the conditions...and provide him [Bernegger] with a written statement clearly setting forth all such conditions." 18 USC 3603(1); the same affect and meaning is found in 18 USC 3563(d). In that regards Rule 32.1(b)(2)(A) mandated Norman provide Bernegger with the information too…because Norman's Petitions sure failed to do so. Not one of Bernegger's five questions were answered anywhere in Norman's

Petitions. Even after Bernegger filed several pre-hearing motions/pleadings - copying all in service to Norman too besides the government - Norman still failed to provide the answers. Nor did he ever once provide any reason as to why he could not supply Bernegger with the answers sought. Bernegger has a right to know the monthly dollar amount of restitution he was supposed to pay in the Petition(s) time period stated, as he is facing loss of liberty because of it according to Petition Doc.11 p.1. The same for the other questions as each directly relates to the Judgment In A Criminal Case, p.7 Section F text Doc.202 in 1:07-cr-176 US v Bernegger, N.D. of Miss.. Which in turn was court ordered as part of his Supervised Release. Id p.3 1/2 way down page, beginning with *"If this judgment imposes a fine or restitution…"*. He has a right to know what the condition is he supposedly violated. Rule 32.1(b)(2)(A). Bernegger in fact has a right to these answers from Norman even if there were no hearing forthcoming. 18 USC 3563(d), 3583(f), 3603(1),(3),(4). Thus, Norman must be ordered to provide the answers to Bernegger's questions no.1-5 in section A above. Per 28 USC 1361, and/or per 28 USC 1651(a), per Article 1 sect. 22 of the US Constitution, and per Bernegger's due process right to know and understanding his sentencing, his supervised release.

P    It is important to show all four Respondents showed bad faith in not providing Bernegger with answers to his simple questions. The three people are Officers of the Court and have a higher duty to maintain the integrity of the Court, of the public who pays them. But it is even worse than that as those three people misleadingly altered the text of the Judgment In A Criminal Case Doc.202, p.7 Section F, as demonstrated above in section N. This was a lie by omission to the probation hearing court, to the public, by Kevin Norman, Andrew Maier and William Roach. Bernegger has shown the court itself denied him the information when it failed to grant his Motion To

Clarify Sentence Imposed. And Bernegger shows below how the government and its

agents Maier and Roach failed to provide the information either. Another court

hearing is fast approaching in case 18-cr-000223. As Bernegger has filed a Notice of

Appeal of the events of the May 24 hearing, that district court no longer has

jurisdiction. See <u>Dawson v. Newman, 419 F. 3d 656 at 661, 7th Circuit 2005</u>("If a

judge errs 'through inadvertence or otherwise, a party's remedy is through appellate

process.'" Lowe, 772 F.2d at 311.). The 7th Circuit Court has jurisdiction over that

case, over the forthcoming appeal. Yet it is public knowledge circuit court appeals can

take a long time, even years. He has not even received the May 24 transcript yet or the

Record. Then he still has to write and file the Appeal Brief. Whereas Bernegger has

no other avenue to obtain the information he is due per statute(s) cited above.

Information he is due per his right to due process. Information he was due per FRCrP

32.1(b)(2)(A). He also needs the information to prepare his defense against the two

Petitions, both still pending. All points especially heightened with the next hearing

forthcoming in ~6 weeks.

Q    <u>RESPONDENTS Government, Maier</u>

Bernegger also asked the government, AUSA Andrew Maier and AUSA William

Roach to answer his questions. See emails Exhibits 5, 6, 7, 8. Of the first emails

Bernegger sent he never received a response. Id. Those emails were sent about two

weeks before the May 24 hearing where Bernegger was facing imprisonment per the

very Petition Maier "concurred" with, put his name on, and was prosecuted by

William Roach. Id., and see Doc.11 p.2 in 18-cr-000223. Maier/the government

finally responded however it was to decline providing Bernegger with any

information. Exhibit 8.

R   Bernegger has a right to answers to his questions as he is seeking very relevant information about his conditions of his sentence, of his supervised release. He has a right to this information per the federal statutes cited above, per Rule 32.1(b)(2), per his right of due process. Respondents thus far have gravely violated each of these by not answering Bernegger's questions, especially given the number of times he as asked them, the length of time which has pasted. His rights under Article 1, § 22 have been, and still are, being violated as a result. "A proper statement of the law is contained in the seminal decision of Bell v. Hood, 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946):

*"[W]hen federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. And it is also well settled that where legal rights have been invaded and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.*
*See also Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 239, 90 S.Ct. 400, 405, 24 L.Ed.2d 386 (1969)."*

Lieberman v. University of Chicago, 660 F. 2d 1185, at Section III, 7th Circuit 1981

*"The principle of Bell v. Hood serves two very important purposes. First, and most significantly, it recognizes the unique role that federal courts play in enforcing federal rights[4] — whether those rights be generated by statute or by the Constitution."* Lieberman at 1193.

Bernegger has shown he has clear rights to the answers he seeks. He demands the Court promptly order Respondents to provide clear, concise, valid answers without any trickery (as they have done in the past - see all emails attached) to Bernegger. This is the relief, remedy, he is entitled to per the US Supreme Court. See Marbury v. Madison, 5 U.S. 137, 147, 2 L.Ed. 60 (1803) that "[i]t is a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury is proper redress," and that "[t]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection." Id. at 163.

This action must be fully granted in Bernegger's favor.

Respectfully Submitted,                                              June 3, 2019

Peter Bernegger
Petitioner - Pro Se
1806 Brynnwood Trace
New London, WI    54961
1-920-810-8339